IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>　　　　　Plaintiff,<br><br>v.<br><br>CENTRAL LAUNDRY, INC., GEORGE RENGEPES AND JAMES RENGEPES,<br>　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-190 |

## ORDER

**AND NOW** this 26th day of July, 2019, upon consideration of Plaintiff's Motion for Summary Judgment (ECF No. 64), Defendants' Response in Opposition (ECF No. 65), and Plaintiff's Reply (ECF No. 66), **IT IS ORDERED** as follows.

Summary judgment is **GRANTED** to Plaintiff as follows:

1. Defendants James and George Rengepes were "covered employees" under the FLSA from July 1, 2017 to August 28, 2018, 29 U.S.C. § 203(d);

2. Defendant Central Laundry, Inc. was a "covered enterprise" under the FLSA from July 1, 2017 to March 20, 2018, *id.* at § 203(s)(1);

3. Defendants are liable for violations of the minimum wage provisions of the FLSA, *id.* at § 206(a);

4. Defendants are liable for violations of the overtime provisions of the FLSA, *id.* at § 207(a)(1);

5. Defendants are liable for violations of the recordkeeping provisions of the FLSA, *id.* at § 211(c);

6. Defendants James and George Rengepes are liable for $133,335 in minimum wage and overtime back wages, and Defendant Central Laundry is liable for $86,667.75 in minimum wage and overtime back wages, *id.* at § 216(c);

7. Defendants James and George Rengepes are liable for $133,335 in liquidated damages, and Defendant Central Laundry is liable for $86,667.75 in liquidated damages, *id.* at § 216(b);

8. Defendants are permanently enjoined from further violations of the minimum wage provisions, *id.* at § 206(a), overtime provisions, *id.* at § 207(a)(1), and recordkeeping provisions, *id.* at § 211(c), of the FLSA.

Summary judgment is **DENIED** as follows:

1. Whether Defendant Central Laundry was a "covered enterprise" from March 20, 2018 to August 28, 2018, *id.* at § 203(s)(1);

2. Whether Defendants violated the child labor provisions of the FLSA, *id.* at § 212(c);

3. Whether Defendants violated the anti-retaliation provisions of the FLSA, *id.* at § 215(a)(3); and

4. Whether Defendants are liable to former employee Adam Nickels for $57,967.50 in front pay.

**July 29, 2019**                    **BY THE COURT:**


                                     **/s/Wendy Beetlestone, J.**

                                     _____
                                     **WENDY BEETLESTONE, J.**